UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAURICE MAYO,

                 Petitioner,

     -against-

S. WALKER, Warden at R.N.D.C. C-74,

                 Respondent.

1:22-CV-5810 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Petitioner Maurice Mayo, who is currently incarcerated in the Mohawk Correctional Facility, filed, with other petitioners, this *pro se* petition for a writ of *habeas corpus*, which they styled as brought under 28 U.S.C. § 2254. By order dated July 29, 2022, the Court severed from this action, under Rule 21 of the Federal Rules of Civil Procedure, the *habeas corpus* claims of the other petitioners, and directed Petitioner Mayo[1] to either pay the $5.00 filing fee to bring this action or complete, sign, and submit an *in forma pauperis* ("IFP") application. On August 15, 2022, the Court received Petitioner's first IFP application.[2] (ECF 4.) On September 7, 2022, the Court received Petitioner's second IFP application. (ECF 5.)

      By order dated September 12, 2022, the Court granted Petitioner IFP status. For the reasons discussed below, the Court construes this petition as seeking *habeas corpus* relief under 28 U.S.C. § 2241, but denies Petitioner *habeas corpus* relief.

---

[1] Because the Court severed the claims of all of the other petitioners from this action, and, thus, made Petitioner Mayo the sole remaining petitioner in this action, the Court will refer to Petitioner Mayo as "Petitioner" throughout this order.

[2] Under Rule 5.2(a)(3) of the Federal Rules of Civil Procedure, a court submission must refer to the name of a minor child by using only the child's initials. In his first IFP application, Petitioner referred to two minor children by using their full names. (ECF 4.) Thus, in an abundance of caution, the Court has directed the Clerk of Court to restrict electronic access to that IFP application to a "case participant-only basis."

**STANDARD OF REVIEW**

The Court may entertain a petition for a writ of *habeas corpus* from a person in custody challenging the legality of his detention on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court has the authority to review the petition and "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled [to such relief]." 28 U.S.C. § 2243. The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original); *see Williams v. Kullman*, 722 F.2d 1048, 1050 (2d Cir. 1983). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (internal quotation marks and citation omitted).

**BACKGROUND**

Petitioner filed this petition while he was held in the Robert N. Davoren Center on Rikers Island, and in the custody of the New York City Department of Correction ("NYCDOC"). It appears that, at the time of filing, he was held in that facility while being prosecuted in the New York Supreme Court, Richmond County (Staten Island), and that he has since been convicted of at least one felony in that court, and is now incarcerated in the Mohawk Correctional Facility, where he is serving his sentence for that conviction.[3] He seeks *habeas corpus* relief, not only on

---

[3] The court received this petition on July 6, 2022. According to the "lookup" feature within the website of the New York State Department of Corrections and Community Supervision ("DOCCS"), https://nysdoccslookup.doccs.ny.gov/, DOCCS received Petitioner into its custody two days later, on July 8, 2022, pursuant to a Richmond County judgment of conviction of criminal possession of a weapon in the second degree, for which Petitioner was sentenced to a 6-year prison term, with a conditional release date of October 12, 2025, and a

his own behalf, but also on behalf of other prisoners who were, at the time of filing, also held in NYCDOC custody.

## DISCUSSION

**A.     Claims on behalf of others**

The Court must deny Petitioner's requests for *habeas corpus* relief that he asserts on behalf of others. The statute governing appearances in federal court, 28 U.S.C. § 1654, "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself.'" *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)). A nonlawyer cannot assert claims in a civil action on behalf of another person. *See United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998).

Because Petitioner alleges no facts showing that he is an attorney, he cannot assert claims on behalf of others. The Court therefore denies without prejudice any claims for *habeas corpus* relief that Petitioner seeks on behalf of others.

**B.     Preconviction *habeas corpus* relief**

While Petitioner seeks *habeas corpus* relief under Section 2254, it appears that, at the time of filing, he was in preconviction detention as a state pretrial detainee. The appropriate vehicle for such relief, therefore, is a petition for a writ of *habeas corpus* brought under 28 U.S.C. § 2241, not Section 2254. *See, e.g.*, *Clemente v. Conn.*, No. 3:21-CV-0408, 2022 WL 527757, at *1 (D. Conn. Jan. 27, 2022); *Fullwellen v. City of New York*, No. 21-CV-7219, 2021 WL 4940984, at *1 (S.D.N.Y. Sept. 14, 2021); *Robinson v. Sposato*, No. 11-CV-0191, 2012 WL

---

maximum expiration date of August 24, 2026.

1965631, at *2 (E.D.N.Y. May 29, 2012); *see also Hoffler v. Bezio*, 831 F. Supp. 2d 570, 575 (N.D.N.Y. 2011), *aff'd on other grounds*, 726 F.3d 144 (2d Cir. 2013); *Marte v. Berkman*, No. 11-CV-6082, 2011 WL 4946708, at *5 (S.D.N.Y. Oct. 18, 2011), *aff'd on other grounds sub nom.*, *Marte v. Vance*, 480 F. App'x 83 (2d Cir. 2012) (summary order).

To the extent that Petitioner seeks Section 2241 *habeas corpus* relief from his preconviction detention in NYCDOC custody, however, it is no longer possible for the Court, if it were so inclined, to grant such relief. That is because Petitioner is no longer in preconviction detention in NYCDOC custody; he is, pursuant to a state court judgment of conviction, a convicted prisoner, and in DOCCS custody. The Court therefore denies Petitioner's Section 2241 *habeas corpus* relief as moot.[4] *See Levine v. Apker*, 455 F.3d 71, 76-77 (2d Cir. 2006) (discussion of mootness in the Section 2241 context); *see also Cook v. Colgate Univ.*, 992 F.2d 17, 19 (2d Cir. 1993) ("[T]he mootness doctrine ensures that the litigant's interest in the outcome continues to exist throughout the life of the lawsuit. . . . "[A] case that is 'live' at the outset may become moot 'when it becomes impossible for the courts, through the exercise of their remedial powers, to do anything to redress the injury.'" (citations omitted))."

---

[4] Under the gatekeeping provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a *habeas corpus* petitioner must obtain authorization from the appropriate Court of Appeals before filing a second or successive *habeas corpus* petition. *See* 28 U.S.C. § 2244(b)(3)(A). A petition is "second or successive" if a previous related *habeas corpus* petition was decided on the merits. *See Graham v. Costello*, 299 F.3d 129, 132 (2d Cir. 2002). Because conversion of a submission into a Section 2241 petition may restrict a petitioner's future attempts to seek such relief, district courts must normally give a *pro se* petitioner notice and an opportunity to withdraw his submission before a court recharacterizes it as seeking relief under Section 2241. *See Simon v. United States*, 359 F.3d 139, 144 (2d Cir. 2004). Because denying such relief on the grounds of mootness is not a decision on the merits for the purpose of the AEDPA, *see Agnew v. United States*, No. 08-CV-0446, 2009 WL 2151185, *2 (D. Conn. July 13, 2009), however, the Court need not provide notice and an opportunity to withdraw here.

**C.     Leave to amend is denied**

District courts generally grant a *pro se* litigant an opportunity to amend a pleading to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in this petition cannot be cured with an amendment, the Court declines to grant Petitioner leave to amend his petition.

## CONCLUSION

For the reasons discussed above, the Court denies Petitioner *habeas corpus* relief because his claim is moot. Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Judgment shall issue.

SO ORDERED.

Dated:   September 28, 2022
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge