UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAURICE MAYO,

                Petitioner,

      -against-

S. WALKER, Warden at R.N.D.C. C-74,

                Respondent.

1:22-CV-5810 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order and judgment dated and entered on September 28, 2022, the Court denied without prejudice Petitioner's *pro* se claims for *habeas corpus* relief that Petitioner asserted on behalf of others; the Court also construed Petitioner's *pro se* claims for *habeas corpus* relief that he brought on his own behalf, though raised in a petition invoking 28 U.S.C. § 2254, as claims for *habeas corpus* relief from his previous state pretrial detention under 28 U.S.C. § 2241, and the Court denied that relief as moot. (ECF 8 & 9.) In Petitioner's post-judgment submissions for this action, received by the court on September 29 and 30, 2022; and on October 3, 6, and 11, 2022, Petitioner appears to challenge the basis for his current incarceration following his conviction in the New York Supreme Court, Richmond County (Staten Island). (ECF 10, 12-15.)

In light of Petitioner's *pro se* status, the Court construes these post-judgment submissions as one motion to alter or amend a judgment, under Rule 59(e) of the Federal Rules of Civil Procedure ("Rule 59(e)"), and for reconsideration, under Local Civil Rule 6.3, in which Petitioner challenges the Court's denial of *habeas corpus* relief in this action. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of

pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him") (citations omitted). For the reasons discussed below, however, the Court denies this motion.[1]

## DISCUSSION

A party who moves to alter or amend a judgment under Rule 59(e) must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). The standards governing Rule 59(e) and Local Civil Rule 6.3 are the same. *Id.* at 508-09. "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206, 209-10 (S.D.N.Y. 2009) ("[A] motion for reconsideration is not an invitation to parties to treat the court's initial decision as the opening of a dialogue in which [a] party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.") (internal quotation and citations omitted).

Petitioner has not demonstrated that the Court overlooked any controlling decisions or factual matters with respect to the Court's denial of *habeas corpus* relief in this action. The Court therefore denies Petitioner relief under Rule 59(e) or Local Civil Rule 6.3.

---

[1] The Court notes that on October 13, 2022, the Court received from Petitioner a *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 in which Petitioner challenges his conviction in the New York Supreme Court, Richmond County. *Mayo v. Montagari*, ECF 1:22-CV-8747, 1 (S.D.N.Y.). By order dated October 18, 2022, the Court transferred that *habeas corpus* action to the United States District Court for the Eastern District of New York. *Mayo*, ECF 1:22-CV-8747, 2 (S.D.N.Y. Oct. 18, 2022).

## CONCLUSION

The Court construes Petitioner's post-judgment submissions (ECF 10, 12-15) as one motion under Rule 59(e) of the Federal Rules of Civil Procedure and Local Civil Rule 6.3, and the Court denies that motion.

This action is closed. The Clerk of Court will only accept for filing in this action documents that are directed to the United States Court of Appeals for the Second Circuit. If Petitioner files other documents in this action that are frivolous or meritless, the Court will direct Petitioner to show cause why he should not be barred from filing further documents in this action.

Because Petitioner's post-judgment submissions make no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    October 25, 2022
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

3